The plaintiff relied upon a grant from the State of North Carolina to Stokeley Donelson and William Tyrrill, for forty thousand acres of land, dated in January, 1795. *Page 367 
On the part of the defendant, a grant was introduced covering the land in contest, from the State of North Carolina to John Mebane, dated in the year 1800. The defendant had no legal title under that grant; but he had been in possession of the land for more than seven years before the commencement of this suit; and it was endeavored to be shown that he took possession of it with the consent of Mebane.
The beginning corner of the land called for in the plaintiff's grant was, until the year 1806, within the Indian boundary; but that part of the land on which the defendant resided, was not. Seven years did not elapse between the extinguishment of the Indian title and the commencement of the present action.
Two questions arose in argument: —
1. Whether the act of Congress which prevented the running of lines and making of surveys within the Indian boundary, did not prevent the statute of limitation from attaching until after the extinguishment of the Indian title?
2. Whether the defendant had such a title as would authorize him to avail himself of the Statute Of limitations?
1. The act of Congress relied upon by the plaintiff, is in the following words: "If any citizen, or other person, shall make a settlement on any lands belonging, or secured, or granted by treaty with the United States, to any Indian tribe, or shall survey, or attempt to survey such lands, or designate any of the boundaries, by marking trees, or otherwise, such offender shall forfeit a sum not exceeding one thousand dollars, and suffer imprisonment not exceeding twelve months."
In construing the statute of seven years' possession, it has always been understood that it can never apply, nor commence running, until the person against whom it is to operate, or those under whom he claims, is invested with a legal title. Until that time, in legal language, no entry or claim could be made. *Page 368 
And it is equally clear that if the law imposes a legal disability to bring suit, the statute will not apply until the disability is removed. So, if in this case the act of Congress had prevented M'Iver from prosecuting his claim, I should be of opinion that he ought not to be at all affected by the possession of the defendant. But I do not consider that this was the case.
The object of the Act was to prevent a disturbance with the Indians, arising from persons going on their lands and marking trees and making surveys, with a view to procure titles; but if a corner had been marked before the passage of the Act, it surely could not have been intended that the owner might not go upon the land to examine for the corner, and collect such other proof as would enable him to establish his beginning. And, indeed, if there should be any doubt upon that point, I consider that under the 3d section of the Act, a license might have been procured from the governor upon a proper application, for that purpose. Inasmuch, therefore, as there was no legal disability to commence suit in proper time, and as, at most, the Act only threw some impediments in the way of procuring testimony, the Court is of opinion that the first proposition ought to be determined for the defendant.
2. It will not be necessary for the Court to say much upon the second proposition. A naked possession will not authorize the defendant to avail himself of the statute. Therefore, if the jury should be of opinion that the defendant took possession of the land in contest, as a mere trespasser, without any authority from Mebane, they ought to find for the plaintiff; but if, on the other hand, it appears that the defendant for seven years next before the commencement of the present action was in possession of the land with the consent or approbation of Mebane, the verdict ought to be for the defendant. The jury will determine this matter from the evidence now before them.
Verdict for the defendant.